BLD-053                                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4460
_____

IN RE: DWIGHT DAVID BELL,
                                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1-14-cv-04047)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 4, 2014

Before:  AMBRO, JORDAN and KRAUSE, Circuit Judges

(Opinion filed: December 11, 2014)

_____

OPINION*
_____

PER CURIAM

Dwight D. Bell petitions for a writ of mandamus to compel the United States

District Court for the District of New Jersey to act on his petition for writ of habeas

corpus.  We will deny the petition.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In April 2014, Bell filed a petition for writ of habeas corpus in the Eastern District of Pennsylvania. In June 2014, his case was transferred to the District of New Jersey because he was convicted and sentenced in New Jersey. Bell then moved the District Court to order the respondent to answer. The District Court took no action on Bell's petition or motion. Accordingly, on November 14, 2014, Bell filed a petition for a writ of mandamus to order the District Court to act on his habeas corpus petition.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). It is only appropriate when (1) the petitioner has no other adequate means to obtain the relief sought; (2) the right to the issuance of the writ is clear and indisputable; and (3) the issuing court is satisfied in the exercise of its discretion that mandamus is appropriate under the circumstances. Id. at 378-79. When a district court's "undue delay is tantamount to a failure to exercise jurisdiction," mandamus may be appropriate. Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997).

Bell's case was before the District Court for approximately five months before he filed his mandamus petition. The docket does not reveal any action by the District Court during or after this time. "Although this delay is of concern, it does not yet rise to the level of a denial of due process." Id. (holding that mandamus was not warranted in habeas case with a five-month delay). Accordingly, we will deny Bell's petition for a

2

writ of mandamus.  This denial is without prejudice to Bell filing a new mandamus

petition if it becomes warranted.